```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SAMUEL E. PHILLS,                  :
   Plaintiff,                      :
                                   :
v.                                 :
                                   :
TEN MIDDLE ASSOCIATES; and         :   Civil No. 3:05CV01838(AVC)
GREATER BRIDGEPORT TRANSIT         :
AUTHORITY,                         :
   Defendants.                     :
```

### RULING ON THE DEFENDANTS' MOTIONS TO DISMISS

This is an action for damages. It is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. The pro se plaintiff, Samuel E. Phills, alleges that the defendants, the Greater Bridgeport Transit Authority ("GBTA") and Ten Middle Associates ("Ten Middle"), discriminated against him on the basis of his race during the course of his employment.

The GBTA now move for dismissal of the complaint pursuant to Fed. R. Civ. Pro. 4(m), on the grounds that Phills has failed to effect service upon GBTA within 120 days of filing the complaint. Ten Middle moves for dismissal on the same basis, and also pursuant to Fed. R. Civ. Pro. 12(b)(6), on the grounds that the complaint fails to state claim upon relief can be granted.

The issues presented are: 1) whether Phills properly served the defendants; and 2) whether, in the absence of proper service, there is good cause for the court to extend the period in which Phills may serve the defendants.

For the reasons hereinafter set forth, the GBTA's motion to dismiss (document no. 16) is GRANTED, but Ten Middle's motion to dismiss (document no. 17) is DENIED.

### **FACTS:**

Unless otherwise stated, the following allegations were disclosed by an examination of the complaint, as well as those exhibits attached thereto.

On January 25, 2001, Samuel Phills, began working as a security guard for Ten Middle Associates. Phills is black. Phills's supervisor, one Cliff Faulkner, a white man, assigned Phills to work at three separate locations, on a rotating basis.

In early 2004, when a permanent position become available at one of the locations that Phills periodically patrolled, the 10 Middle Street location, Phills applied the assignment. Faulkner did not assign Phills to the position, but rather hired a new security guard. Faulkner did so, in order to keep Phills out of contention for the position. The new employee was white, and had no experience as a security guard.

In late 2004, when the new employee stopped working for Ten Middle, Phills again applied for a permanent position at the 10 Middle Street location. Faulkner did not select Phills for the position, and later that year, Ten Middle fired Phills.

Phills's affidavit accompanying the complaint alleges that Ten Middle employs more than fifteen individuals. In support of

its motion to dismiss, Ten Middle supplied that affidavit of one Maria Carlos, asserting that during the relevant period, Ten Middle employed fewer than fifteen individuals.

On February 2, 2005, Phills filed a complaint with the Connecticut Commission on Human Rights and Opportunities.  On November 4, 2005, the Equal Employment Opportunity Commission issued a right to sue letter to Phills.  On November 18, 2005, Phills filed a motion to proceed in forma pauperis, and requested that the court order the U.S. Marshall Service to serve process on the defendants.  The court granted the motion, and on November 30, 2005, Phills filed the complaint in this action.

The U.S. Marshall Form 285 that documents Phills's service against GBTA indicates that on March 15, 2006, service was made against one "Maria D'Auria, receptionist."  The form that documents Phills's service against Ten Middle indicates that also on March 15, 2006, service was made against one "Robert J. Hull, Jr., V.P. Finance."

On August 11, 2006, the court entered default against the defendants, as they had not made an appearance in the case.  On October 10 and October 20, 2006, the GBTA and Ten Middle, respectively, moved to set aside their entries of default, each arguing that they had not been properly served.  On November 3, 2006, the court set aside the entries of default.

**STANDARD:**

Under Federal Rule of Civil Procedure, the summons and complaint must be served on the defendants within 120 days of plaintiff's filing them. Fed. R. Civ. Pro. 4(m). Failure to do so may result in dismissal of the action without prejudice. Fed. R. Civ. Pro. 4(m). "Among federal courts, there is virtual unanimity that 'dismissal is mandatory if a defendant is not served within 120 days, unless the plaintiff can show good cause for delay.'" National Union Fire Ins. Co. of Pittsburgh, Pa. v. Sun, No. 93 Civ. 7170, 1994 U.S. Dist. LEXIS 11934, at *2 (S.D.N.Y. Aug. 25, 1994) (quoting Geiger v. Allen, 850 F.2d 330, 332 (7th Cir. 1988)). In general, "good cause" exists only in exceptional circumstances where the failure to serve process in a timely manner results from circumstances beyond the plaintiff's control. Id. An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause for the purposes of Rule 4(m). McGregor v. United States, 933 F.2d 156, 160 (2d Cir. 1991).

**DISCUSSION:**

I. GBTA's Motion to Dismiss

The GBTA moves to dismiss pursuant to Fed. R. Civ. Pro. 4(m), on the grounds that Phills failed to serve it within 120 days of filing his complaint. Specifically, the GBTA asserts: "The plaintiff filed his complaint on November 30, 2005. It now

4

being well past the 120 days allowed for service of the summons and complaint, the plaintiff's complaint should be dismissed." Phills, for his part, has not responded to GBTA's motion.

Absent a waiver, the Federal Rules require that "[s]ervice upon a. . . municipal corporation, or other governmental organization. . . shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer. . . ." Fed. R. Civ. Pro. 4(j).

Alternatively, a party may serve such entities "in a manner prescribed by the law of that state. . . ." Id.  In Connecticut, process is served against a municipality or its agencies by serving the municipality's clerk.  Conn. Gen. Stat. § 52-57(b). Likewise, process is served against "any other municipal or quasi-municipal corporation" by serving "its clerk or. . . its chief presiding officer or managing agent. . . ." Id.

"Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service." Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (internal citations omitted).

Phills has failed to met his burden to show the adequacy of service.  As the GBTA rightly notes, the U.S. Marshall Form 285 that documents Phills's service against GBTA indicates that service was made against one Maria D'Auria, a receptionist.  On

the basis of the record before the court, it appears that this service did not comport with the formal requirements for service of a summons and a complaint, see Fed. R. Civ. Pro. 4(j); Conn. Gen. Stat. § 52-57(b), and further, that GBTA never waived these requirements.  As such, the court concludes that Phills did not serve GBTA within 120 days of filing the complaint, as required by Rule 4(m).

The court can, however, extend the deadline for service "if the plaintiff shows good cause for the failure" to effect timely service.  Fed. R. Civ. Pro. 4(m).  In this regard, Phills is conceivably entitled to some latitude as he is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (holding a complaint drafted by a pro se plaintiff to "less stringent standards than formal pleadings drafted by lawyers"). Similarly, Phills may have reasonably relied to his determent on the court's order that service be effected by the Marshall Service.  Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986) (excusing late service where "an incarcerated pro se litigant proceeding in forma pauperis. . . was entitled to rely on service by the U.S. Marshals").

Such arguments are unavailing.  By its own terms, Rule 4(m) requires, as a prerequisite to the court extending the period in which service is due, that "the plaintiff shows good cause. . . ."  Here, the plaintiff, Phills, has shown nothing, having failed

to respond to the within motion.

Moreover, it is in doubt that Phills could make a showing that there is good cause to extend the 120 day deadline.  Merely that Phills is a pro se plaintiff is insufficient.  Pro se parties "generally are required to inform themselves regarding procedural rules and to comply with them. . . ." Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995).  "This is especially true in civil litigation."  Losacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995); see McNeil v. United States, 508 U.S. 106, 113 (1993) (suggesting that procedural rules in ordinary civil litigation should not be "interpreted so as to excuse mistakes by those who proceed without counsel").  Further, whatever latitude pro se litigants may be entitled to with regard to procedural matters, it does not dispense with the requirements of service upon the opposing party.  Stoianoff v. Comm'r of Motor Vehicles, 99-7363, 2000 U.S. App. LEXIS 4314, at *4 (2d Cir. Mar. 16, 2000) (unpublished opinion) ("agree[ing with the district court that the latitude afforded pro se litigants does not extend to dispensing with service requirements").

This is not a case in which a plaintiff mistakenly exceeded the 120 day deadline despite his best efforts.  See Kwan v. Schlein, 441 F. Supp. 2d 491, 498 (S.D.N.Y. 2006) (concluding that there is good cause to extend the serve deadline by two months where a pro se plaintiff, proceeding in forma pauperis,

worked extensively to see that the Marshall Service properly served the defendant).  Over a year after filing his complaint, Phills has still not properly served the GBTA.  Likewise, in the three months since GBTA first raised this issue in its motion to set aside default, Phills has apparently taken no steps to remedy this error.  Similarly, in the month since GBTA filed the within motion to dismiss, Phills has still not served the GBTA, nor bothered to responded to this motion.

The court concludes that Phills has failed to show good cause for exceeding the 120 day limit, as required by Rule 4(m), and as such, an extension of the period is not warranted. Therefore, because Phills failed to serve the GBTA within the time allotted by the rules, the motion to dismiss the complaint without prejudice as to GBTA is granted.

II.  Ten Middle's Motion to Dismiss

Ten Middle also moves to dismiss the complaint pursuant to Rule 4(m).  Specifically, Ten Middle asserts that "[t]o date - nearly nine months after the due date for. . . service - Plaintiff has not effected service of the summons and complaint. Under these circumstances, this Court should grant Ten Middle Associates' motion to dismiss the Complaint in its entirety." The plaintiff, for his part, has not responded.

Under the federal rules, "service upon a domestic or foreign corporation or upon a partnership or other unincorporated

association. . . shall be effected by. . . delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. Pro. 4(h)(1).

The U.S. Marshall Form 285 that documents Phills's service of the complaint against Ten Middle indicates that on March 15, 2006, service was made against one "Robert J. Hull, Jr., V.P. Finance." Service on this date, upon an individual that accepts service and holds himself out to be the vice-president of the organization would appear to be in compliance with Rule 4.

In the face of documentary evidence memorializing the timely service of its vice-president by the U.S. Marshal Service, Ten Middle simply asserts that Phills "has not yet served Ten Middle Associates with the Complaint." It offers no evidence in support of this rather conclusory factual assertion, nor does not contend that any evidence is forthcoming.

While it is true that "[o]nce a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service[,]" Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (internal citations omitted), there is a presumption of regularity of the Marshal's service, see Gamlen Chemical Co. v. Dacar Chemical Products Co., 57 F. Supp. 574, 575 (D. Pa. 1944).

This presumption, coupled with the U.S. Marshall Form 285 in the record, is sufficient to carry Phills's burden, particularly in light of the lack of support for Ten Middle's bald assertion that it was not served.  The court therefore concludes that Ten Middle was properly served and is not entitled to dismissal pursuant to Fed. R. Civ. Pro. 4(m).

Ten Middle also asserts, as a separate grounds for dismissal, that the complaint fails to state a claim upon which relief can be granted, and as such should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6).  Specifically, "because Ten Middle Associates employed no more than fourteen (14) individuals at any given time in 2003 or 2004, which is below the 15-employee minimum threshold for application of Title VII", the court should dismiss the complaint.  In support of this argument, Ten Middle has submitted its payroll records, as well as the affidavit of one Maria Carlos, asserting that during the relevant period, Ten Middle employed fewer than fifteen individuals.  Again, Phills has not responded to this argument.

The Federal Rules of Civil Procedure command that on a motion asserting the defense of "failure of the pleading to state a claim upon which relief can be granted, [if] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given

reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. Pro. 12(b).

In light of the Ten Middle's submission of matters outside the pleading, namely the pay roll records and Carlos' affidavit, the court construes the motion to dismiss as a motion for summary judgment. Because the motion does not comport with the requirements of the local rules concerning such motions, see e.g. D. Conn. L. Civ. R. 56, the motion is DENIED without prejudice.

### **CONCLUSION:**

For the foregoing reasons, the GBTA's motion to dismiss (document no. 16) is GRANTED. Accordingly, the complaint is dismissed without prejudice as to the GBTA. Ten Middle's motion to dismiss (document no. 17), however, is DENIED.

It is so ordered this 25th day of January, 2007, at Hartford, Connecticut.

```
      /s/_____
      Alfred V. Covello
      United States District Judge
```